IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SAFECO INSURANCE COMPANY OF
OREGON, an Oregon Corporation,

                    Plaintiff,

        v.

UNITED STATES POSTAL SERVICE,

                    Defendant.

Civ. No. 11-3064-PA

**ORDER**

---

**PANNER, District Judge:**

Plaintiff Safeco Insurance Company of Oregon ("Safeco")
brings this action to recover personal injury protection ("PIP")
benefits paid to its insured following injuries sustained by
Safeco's insured in a car crash involving a United States Postal
Service ("USPS") truck. The USPS moves to dismiss for lack of
subject matter jurisdiction, arguing Safeco fails to identify an
applicable waiver of the United States' sovereign immunity. I
grant the USPS motion and grant Safeco leave to amend.

1-ORDER

**Standards**

District courts are courts of limited jurisdiction. <u>Exxon Mobil Corp. v. Allapattah Servs., Inc.</u>, 545 U.S. 546, 552 (2005). A defendant may move to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. It is presumed that a district court lacks jurisdiction, "and the burden of establishing the contrary rests upon the party asserting jurisdiction." <u>Vacek v. United States Postal Serv.</u>, 447 F.3d 1248, 1250 (9th Cir. 2006). The court will grant a defendant's 12(b)(1) motion if the complaint fails to allege fact sufficient to establish subject matter jurisdiction. <u>Savage v. Glendale Union High Sch.</u>, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

**Discussion**

**I. Subject Matter Jurisdiction**

Sovereign immunity limits a district court's subject matter jurisdiction over actions brought against the United States. <u>Vacek v. United States Postal Service</u>, 447 F.3d 1248, 1250 (9th Cir. 2006). The United States "is immune from suit unless it has expressly waived such immunity and consented to be sued." <u>Dunn & Black, P.S. v. United States</u>, 492 F.3d 1084, 1087-88 (9th Cir. 2007). The scope of any waiver of sovereign immunity is to be strictly construed in favor of the United States. <u>Id.</u> at 1088 (citation omitted).

The Federal Tort Claims Act ("FTCA") waives immunity and

2-ORDER

allows claims for damages resulting from injuries caused by the negligence of a government employee acting within the scope of his employment. 28 U.S.C. § 2675(a). District courts have exclusive jurisdiction over such claims. 28 U.S.C. § 1346(b)(1). The United States is liable for such tort claims "in the same manner and to the same extent as a private individual under like circumstances . . .", 28 U.S.C. § 2674, under the state law of the place where the negligent act occurred, 28 U.S.C. § 1346(b)(1). Therefore, the court treats the United States as it would a private person in a similar situation and applies state law to determine liability. LaBarge v. Mariposa Cnty., 798 F.2d 364, 366 (9th Cir. 1986).

The USPS argues that the complaint must be dismissed because under Oregon law, an insurer may not bring a subrogation suit in its own name. Safeco argues that federal law, not state law applies, and because Safeco is a "real party in interest" under Rule 17, it may bring this suit in its own name. Safeco's argument that Oregon's PIP recovery statutes are not applicable is meritless. Although the Federal Rules of Civil Procedure apply generally, courts must look to state law to determine the scope of sovereign immunity. LaBarge, 798 F.2d at 366; Jachetta v. United States, 653 F.3d 898, 904 (9th Cir. 2011)(citations omitted); Goodman v. United States, 298 F.3d 1048, n.6 (9th Cir. 2002). Therefore, I must look to Oregon law to determine whether

3-ORDER

Safeco states a claim for relief.

In Oregon, an insurer may recover PIP benefits paid as a result of a motor vehicle accident in three ways. <u>Bachman v. Genesis Inv., Inc.</u>, 2011 WL 887558, at *5 (D. Or.) (citing ORS 742.534, 742.536, and 742.538), Report and Recommendation adopted, 2011 WL 884589. The "PIP Subrogation" option available to insurers under ORS 742.538(4) is the only option potentially available to Safeco here. The subrogation option entitles an insurer who paid PIP benefits "to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of the injured person against any person legally responsible for the accident . . . ." ORS 742.538(1). Under this option:

> If requested in writing by the insurer, the injured person shall take, through any representative not in conflict with the injured person designated by the insurer, such action as may be necessary or appropriate to recover such benefits furnished as damages from such responsible person, <u>such action to be taken in the name of the injured person</u> . . . ."

ORS 742.538(4) (emphasis added). Safeco, and not the insured, is the named plaintiff in this case. Because a subrogation action must be taken "in the name of the injured person," the USPS correctly points out that Safeco's complaint, brought in its own name, fails to state a claim under Oregon law.

Safeco incorrectly argues that under Fed. R. Civ. P. 17, because Safeco paid the insured's PIP benefits, Safeco is a "real

4-ORDER

party in interest" and can bring the suit in its own name.
Safeco's argument fails for two related reasons. First, as noted
above, Safeco's argument that Oregon law is not applicable here
is meritless. Second, Safeco apparently assumes that any "real
party in interest" may bring a claim under the FTCA. The FTCA,
however, is only a limited waiver of sovereign immunity. In
addition to proceeding in accordance with the Federal Rules of
Civil Procedure, a party pursuing a claim under the FTCA must
follow the rules set out in the FTCA. As applicable here, the
USPS is only liable as a private person in a similar situation
would be under the state law where the incident occured. LaBarge
v. Mariposa Cnty., 798 F.2d 364, 366 (9th Cir. 1986).

In support of its argument that federal law, and not state
law, applies, Safeco cites one case: United States v. Aetna
Casualty & Surety Co., 338 U.S. 366 (1949). Aetna Casualty,
however, is not remotely applicable to the facts at hand. The New
York statute in Aetna Casualty automatically assigned the
insured's right to the insurer by operation of law. Id. at 368
n.3. There is no such statute in Oregon. Indeed, as noted above,
the Oregon "PIP subrogation" option requires the complaint be
brought in the name of the insured. ORS 742.538(4). Because of
the automatic assignment (under New York law) in Aetna Casualty,
the question at issue here of whether an insurer stated a claim
under state law was not at issue. Rather, the question presented

5-ORDER

in Aetna Casualty was whether the federal Anti-Assignment Act
prevented the insurer from suing in its own name. Id. at 367-68.
As the New York statute in Aetna Casualty is nearly the exact
opposite of the Oregon statute at issue here, Safeco's reliance
on Aetna Casualty is misplaced.

In the alternative, Safeco argues that the Oregon statutes
do not apply because the statutes define an insured's rights
against a "person," and not the federal government. Safeco's
argument ignores the plain language of the FTCA, which provides
district courts with exclusive jurisdiction over negligence
claims against the United States "under circumstances where the
United States, if a private person, would be liable to the
claimant in accordance with the law of the place where the act or
omission occurred." 28 U.S.C. § 1346(b)(1). As noted above, 28
U.S.C. § 2674 states the United States is liable for such tort
claims "in the same manner and to the same extent as a private
individual under like circumstances . . . ." Safeco's argument
that Oregon's PIP statutes do not apply because the United States
is not a person is meritless.

As noted, the court treats the United States as a private
person in a similar situation and applies Oregon law to determine
liability. LaBarge, 798 F.2d at 366; Jachetta, 653 F.3d at 904
(citations omitted); Goodman, 298 F.3d at n.6. ORS 742.538
requires the suit be brought in the insured's name. Because

6-ORDER

Oregon's PIP benefits statutes do not allow Safeco to bring this suit in its own name, the complaint fails to state a claim.

Safeco argues that even if Oregon's PIP recovery statutes apply - and there is no doubt that they do here - Safeco should be allowed to submit evidence of ratification by the insureds "whereby defendant is assured it will not be sued twice for the same claim, but only once and by plaintiff." Safeco apparently requests the court amend the FTCA to allow Safeco's suit in this instance, provided Safeco assures the government it will only be sued once. Safeco provides no support for this argument, and the argument ignores the fact that the unequivocal waiver of immunity is a prerequisite for this court's jurisdiction. Dunn & Black, 492 F.3d at 1088.

Finally, Safeco requests leave under Rule 17(a)(3) to join or substitute the insured as plaintiff. Rule 17(a)(3) states a court may not dismiss an action until plaintiff has been allowed a reasonable time to join or substitute the real party in interest to the action. Additionally, under Rule 15(a)(2), I must freely allow leave to amend "when justice so requires." There is no surprise or prejudice to the USPS here. The USPS was on notice of the claims, which will not change. The only change is a substitution of the insured as named plaintiffs. By granting Safeco leave to amend the complaint, I make no determination on whether plaintiff meets any statute of limitations hurdles or any

7-ORDER

other requirements of the FTCA.

**II. Attorney Fees**

The Ninth Circuit "has reiterated that a waiver of sovereign immunity in the FTCA is to be construed narrowly so that the government is never held liable for a plaintiff's attorney fees, even if the local substantive law permits a recovery of fees against a private individual in like circumstances." <u>Anderson v. United States</u>, 127 F.3d 1190, 1191 (9th Cir. 1997) (internal citation and quotation omitted). Attorneys fees are not recoverable under the FTCA and defendant's motion regarding attorney fees is granted. Plaintiff's claim for attorneys fees is dismissed with prejudice.

<u>**Conclusion**</u>

Defendant's motion to dismiss (#9) is granted. The action is dismissed without prejudice. Safeco is granted 21 days to amend its complaint. Plaintiff's claim for attorney fees is dismissed with prejudice. All future dates are cancelled and will be reset.

IT IS SO ORDERED.

DATED this _15_ day of December, 2011.

OWEN M. PANNER

U.S. DISTRICT JUDGE

8-ORDER